# SUPERIOR COURT OF CINCINNATI

## No. 697

### BAUER v. HUTH

Superior Court, Cincinnati, Hamilton County

**273. NUISANCE.**

What constitutes—Undertaking business in residential districts—Ordinance restrictions.

MARX, J.

#### Epitomized Opinion

Huth purchased a residence in a strictly residential district of Cincinnati, moved into it, placed a sign on the front porch and used the house as a funeral home, i. e. ,a place in which to conduct funerals. The practice was to bring a body, fully embalmed, to the house, usually in the evening, and to conduct the funeral there the next day. Bauer, who owned the next residence but one, brought this suit to enjoin Huth from conducting the funeral business as described. Held:

1. The undertaking business is not a nuisance per se.

2. The undertaking business does not become a nuisance merely because located in a residential district.

3. It may or may not be a nuisance, depending upon the manner in which it is conducted.

4. The acts of Huth in this case did not constitute a nuisance.

5. An ordinance of the city prohibiting the undertaging business in residential districts does not affect Huth because passed subsequently to Huth's establishment of the business.

6. Restrictions governing other lots in this district do not bind Huth because his lot was sold to his immediate grantors on foreclosure against the original grantors and no restrictions were contained in the decree of foreclosure or on record relating to Huth's lot.

Injunction denied.

**Appearances**—Pogue, Hoffheimer & Pogue, for Bauer; Heilker & Heilker and Dinsmore, Shohl & Sawyer, for Huth.

---

## No. 698

### McCULLOUGH, Exec., v. CINCI. & SUBURBAN BELL TEL. CO.

Superior Court, Cincinnati, Hamilton County
No. 68638. Decided August 23, 1923

**115. CORPORATIONS.**

Right of stock holder upon issue of increased or new stock of corporation to subscribe thereto. Failure to do so prevents stock holder from sharing premiums realized from sale of stock.

MARX, J.

#### Epitomized Opinion

Mrs. Stedman died August 9, 1921, owning 518 shares of Bell Telephone Co. stock, having a par value of $50 per share. The stock was registered upon the books of the Company in the name of Mrs. Stedman, residence Aurora, Ind. Her daughter, A. S. McCullough was appointed her executrix, Aug. 17, 1921. The stock remained in the name of Mrs. Stedman, Aurora, Ind., until Oct. 24, 1922, when it was transferred on the books of the Company to A. S. McCullough, Cincinnati, O. Sept. 6, 1921, directors of Tel. Co. passed a resolution providing for the increase of its capital stock and that the stock should be offered to the stock holders of record at par value pro rata to their respective holdings in proportion to one share for each ten shares held by them, providing that the stock was paid for before Jan. 4, 1922. Nov. 1, 1921, the Company mailed to all of its stock holders of record a printed notice of the adoption of the above resolution.

This notice also stated that on Dec. 15, 1921, a notice would be sent to each stock holder stating the amount in cash required from each stock holder desiring to subscribe to the increased stock. The second notice was sent out on Dec. 15, 1921, and contained all the facts necessary for subscription to the new stock. The printed notices of Nov. 1 and Dec. 15 were placed in the mail addressed to Emma E. Stedman (her correct name), Aurora, Ind., and the envelope containing such notices had printed upon its face the return address of the Company with the request that if not delivered it be returned to the Company.

The evidence disclosed that all mail addressed to Mrs. Stedman, Aurora, Ind., was forwarded to Miss McCullough. The latter swore that she never received these notices but had received dividend checks from the Company. The Company proved that these letters had never been returned to it. No subscription was sent in for Mrs. Stedman's share of the stock. Jan. 9, 1922, directors of Tel. Co. ordered all the stock not subscribed for sold. A premium of $12 was made on each share. Miss McCullough claimed a pro rata share of this premium on the ground that no notice of right to subscribe for new stock was received, and also on the ground that the Company awarded such premium to non-subscribing stock holders upon an issue of stock the previous year. In rendering judgment for the Tel. Co., the Court held:

1. When increased or new stock is issued, stock holders of record are entitled to notice thereof and right to subscribe therefor, GC. 8699. The Company complied with the requirements of law as to notifying Mrs. Stedman of this issue and opportunity to subscribe.

2. A stockholder who, after reasonable and adecuate notice of his right to subscribe for a proportionate share of increased stock, does not exercise such right, thereby waives any further right to such stock or premiums realized by the Company from the subsequent sale thereof.

**Attorneys**—C. J. Hunt, for McCullough; M. Outcalt and J. W. Heintzman, for Bell Telephone Co.

See Harrigan v. Walker, page 669, for additional Superior Court case.